VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No. 24-ENV-00044



| 1697 Brockways Mills Road Denial |
| --- |

Motion:          Motion for Summary Judgment

Filer:           Omar Martinez, Applicant/Appellant

Filed Date:      October 9, 2024

Memorandum in Opposition, filed on January 2, 2025, by Richard Bowen, Attorney for Interested Parties Donald and Mary Kay Taylor

Memorandum in Opposition, filed on January 3, 2025, by Stephen Ankuda, Attorney for Town of Rockingham

Reply to Memo in Opposition, filed on January 9, 2025, by Omar Martinez.

**The motion is DENIED.**

This is an appeal of an April 25, 2024 Town of Rockingham Development Review Board (DRB) decision denying Omar Martinez' (Applicant's) application for a zoning permit requiring conditional use and site plan review.  Specifically, the Applicant seeks authorization to construct a greenhouse for cannabis cultivation on real property located at 1697 Brockway Mills Road in Rockingham, Vermont (the Property).

In this matter, Applicant is self-represented.  The Town of Rockingham (Town) is represented by Attorney Stephen Ankuda.  Neighboring landowners Donald and Mary Kay Taylor (Neighbors) have also appeared and are represented by Attorney Richard Bowen.

### Legal Standard

To prevail on a motion for summary judgment, the moving party must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  V.R.C.P. 56(a), applicable here through V.R.E.C.P. 5(a)(2).  In determining whether there is any dispute over a material fact, "we accept as true allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material."  <u>White</u>

v. Quechee Lakes Landowners' Ass'n, Inc., 170 Vt. 25, 28 (1999) (citation omitted); V.R.C.P. 56(c)(1)(A).

## Discussion

We begin by addressing Neighbors' and the Town's opposition to the present motion. Based on this review, more facts are needed for a full and fair resolution of this matter.

Neighbors oppose the present motion on several grounds. First, they argue that the motion is premature because they have not conducted necessary discovery. On this point, the Court has twice directed the parties to file a proposed scheduling order which should include deadlines for discovery. Only Applicant proposed such an order, which the Court adopted, in part, on December 3, 2024. Neighbors had ample time to submit a proposed scheduling order and conduct discovery before responding to the present motion, which was filed back on October 9, 2024. Therefore, we conclude that the present motion is not premature because Neighbors had sufficient opportunity to conduct discovery or request additional time before the motion went under advisement.

In addition, Neighbors argue that Applicant does not have authority to apply for a permit for the Property. However, the application before the Court was signed by the landowner, Highland Holdings, LLC. Moreover, Applicant has filed with the Court an amended lease agreement which expressly authorizes Applicant to apply for (and appeal) zoning permits to conduct cannabis cultivation on the Property.[1] Neighbors do not challenge any aspect of this authorization. Accordingly, we conclude that Applicant is authorized to maintain this appeal of his application.

As to the Town's opposition, there appears to be a dispute of fact regarding the type of application on appeal. The Town argues that Applicant applied for a "permit to approve agriculture as a second principal use" of the Property, which was denied because the Bylaws require a minimum lot size of two acres for agricultural uses.[2] Applicant, however, argues that he applied for an accessory use permit for the construction of a greenhouse/agricultural structure.

It is undisputed that Applicant seeks to use the proposed greenhouse for commercial cannabis cultivation. Applicant represents that his operations will occur entirely within the greenhouse, but also describes the proposed use as "outdoor cannabis cultivation" that is incidental to his residential

---

[1] Furthermore, there is no identifiable issue with Mr. Martinez representing himself in this action. He does not purport to be representing the co-applicant, Highland Holdings, LLC, which has not appeared in this action. Rather, Applicant has sufficiently demonstrated his authority to bring this appeal in his individual capacity.

[2] To the extent that agricultural activities on parcels less than 2 acres in size qualify as required agricultural practices, this basis for denial may conflict with this Court's interpretation of 24 V.S.A. § 4413(d)(1)(A), as explained in In re 8 Taft Street, Docket Nos. 23-ENV-00120 and 24-ENV-00003 (Vt. Super. Ct. Envtl. Div. Aug. 7, 2024)(Walsh, J.).

2

use of the Property.[3]  Meanwhile, the Town considers the application to be for a second <u>principal</u> agricultural use.[4]  At this time, there is insufficient evidence in the record, as well as a dispute of material fact, regarding the nature, size and scope of the application.  Accordingly, the Court is unable to determine whether the application should properly be classified as an accessory or principal use. The motion is therefore **DENIED**.

One aspect not disputed by the parties is that the application is for an agricultural use.  This description is incorrect as a matter of law.  The Vermont Legislature has provided that "[a] cannabis establishment shall <u>not</u> be regulated as "farming" under… State law…" 7 V.S.A. § 869.[5]  Because municipalities derive their authority from State law, this regulatory limitation necessarily prohibits town bylaws from regulating cannabis as agriculture or farming.  See <u>City of Montpelier v. Barnett</u>, 2012 VT 32, ¶ 20, 191 Vt. 441 (explaining Dillon's Rule).  Therefore, it would be improper for this Court to review the application, to the extent that it proposes a cannabis establishment, under the definition of agricultural use.

The Court will set this matter for a final pre-trial conference.  In the meantime, the parties are directed to follow the deadlines in the December 3, 2024 Scheduling Order, including the filing of unavailability dates for a one day trial in April and/or May 2025.

Electronically signed on January 15, 2025, pursuant to V.R.E.F. 9(d).

---

[3] The Court notes that the Cannabis Control Board's Regulations, effective October 21, 2023, contain definitions that may be relevant to classifying the Applicant's proposal, including definitions of "Greenhouse" and "Outdoor cultivation."

[4] In reviewing the record, there appears to be two different copies of Applicants' zoning application.  Applicant filed a copy of his application with the Court on October 24, 2024.  This copy contains handwritten notes and checks a box requesting a permit for an accessory structure.  Meanwhile, the Town filed a copy of the application with the Court on January 3, 2025 which contains additional typed notes describing the project as "[a]ddition of second principal use on a lot. New Building."  The Court is unaware when, and by whom, this change was made, but it demonstrates a factual dispute fundamental to the resolution of this appeal.

[5] Under 7 V.S.A. § 869, while a cannabis establishment, as defined in the statute, is (with certain exceptions not applicable here) subject to zoning regulation, the statute prohibits the regulation of such establishments as "farming" and further provides that cannabis produced from cultivation "shall not be considered an agricultural product, farm crop, or agricultural crop." 7 V.S.A. § 869(a), (c).  Further, regarding outdoor cultivation, the statute provides that a "cultivator licensed" under Chapter 33 of Title 7 shall be regulated in the same manner as farming for Act 250 purposes (i.e., under 10 V.S.A., chapter 151), and "not regulated by a municipal bylaw under 24 V.S.A. chapter 117 in the same manner that Required Agricultural Practices are not regulated by a municipal bylaw under 24 V.S.A. § 4413(d)(1)(A)." 7 V.S.A. § 869(f)(1), (2).  In other words, while licensed cannabis cultivation, in certain circumstances, receives some of the same regulatory benefits and/or burdens as agriculture, it is not an agricultural use under Vermont law.  There is nothing in Applicant's Statement of Undisputed Facts, or elsewhere in the record, addressing whether the Applicant has been licensed for cannabis cultivation by the Cannabis Control Board.

Joseph S. McLean
Superior Court Judge
Environmental Division